Filed 8/22/25  P. v. Lewis CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083806 |
| v. | (Super.Ct.No. FWV024397) |
| ERIC CHARLES LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

The trial court found defendant and appellant Eric Charles Lewis ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered two prior prison terms (§ 667.5, subd. (b)) were imposed and stayed during his initial sentencing proceedings.

On appeal, defendant contends the trial court erred when it denied his section 1172.75 petition for resentencing and thereby violated his due process rights because section 1172.75 applies to defendants who have prior prison term enhancements that were imposed but stayed. We agree. The California Supreme Court so held in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*). We therefore reverse the trial court's order denying relief and remand for the trial court to recall defendant's sentence and resentence him under section 1172.75, subdivision (d).

---

[1] All future statutory references are to the Penal Code.

2

## II.

## PROCEDURAL BACKGROUND[2]

In 2002, a jury convicted defendant of kidnapping (§ 207, subd. (a); count 1), torture (§ 206; count 3), and assault with a deadly weapon (§ 245, subd. (a)(1); count 4). The jury acquitted him of the charge of attempted forcible oral copulation (§§ 664/288a, subd. (c)(2); count 2). The jury found true an allegation that a principal was armed with a firearm (§ 12022, subd. (d)) as to count 1. The trial court found true two allegations that defendant had served a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced defendant to life with the possibility of parole in state prison for count 3, a consecutive term of five years for count 1, plus two years for the firearm allegation, and three years for count 4 to run concurrently to count 1. For each of the two prior prison term enhancements, the trial court imposed and stayed a one-year prison term. Thus, defendant's aggregate sentence was seven years-to-life in prison. In June 2004, this court affirmed the judgment in a published decision. (*People v. Lewis* (2004) 120 Cal.App.4th 882, 885.)

Defendant apparently filed a resentencing memorandum pursuant to section 1172.75. At some point, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as a person currently serving a prison term that included a prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) as required by section 1172.75, subdivision (b).

---

[2] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

On April 23, 2024, the trial court held a hearing at which counsel for defendant and the People were present. The court found defendant ineligible for relief because the prior prison term enhancements had been stayed or stricken and denied the motion for resentencing pursuant to *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40, review granted February 21, 2024, S283169. Defendant timely appealed.

III.

DISCUSSION

Defendant argues he is entitled to a full resentencing hearing pursuant to section 1172.75 regardless of whether the prior prison term enhancements (§ 667.5, subd. (b)) were imposed and stayed or imposed and executed. Pursuant to the California Supreme Court's recent decision in *Rhodius*, *supra*, 17 Cal.5th 1050, we agree with defendant that he is entitled to a full resentencing hearing pursuant to section 1172.75, subdivision (d).

Before January 2020, section 667.5, subdivision (b), permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.)

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements

4

for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Here, defendant's judgment included two stayed prison priors.

Hence, a defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. (§ 1172.75, subds. (a), (c).) To facilitate the process, the statute directs the CDCR to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (*Id.*, subd. (b).) Upon receiving that information, the sentencing court must "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (*Id.*, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid*.) The statute provides separate deadlines for identification, review, and resentencing of "individuals . . . currently serving a sentence based on the enhancement" and "all other individuals." (*Id.*, subds. (b)(1), (2), (c)(1), (2).)

Section 1172.75, subdivision (d), sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies:

"Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) The trial court must "apply the sentencing rules of the Judicial Council" as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) In addition, the court may "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

Recently, the California Supreme Court resolved the question of whether section 1172.75 applies to prior prison terms which were imposed and stayed. (*Rhodius*, *supra*, 17 Cal.5th 1050.) After analyzing the text and legislative history of section 1172.75, the Supreme Court concluded that section 1172.75, subdivision (a) applies "to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed. If the enhancement is no longer authorized under the current version of section 667.5(b), section 1172.75(a)

6

renders the enhancement invalid.  And the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein." (*Rhodius*, *supra*, 17 Cal.5th 1050.)

## IV.

## DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed.  The matter is remanded to the trial court with directions to recall defendant's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:


FIELDS
         J.


RAPHAEL
         J.